IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, | )<br>)<br>)<br>)<br>) |
| JOSEPH J. SHELTON, as Chief Executive Officer of the CENTRAL PENSION FUND OF THE INTER-NATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, | )<br>)  CIVIL ACTION<br>)<br>)  NO. 26 C 735<br>)<br>)  JUDGE<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| ELMAR HOTEL MANAGEMENT, LLC, a Michigan limited liability company, d/b/a INN OF CHICAGO MAGNIFICENT MILE, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

The Plaintiffs, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, and JOSEPH J. SHELTON, as Chief Executive Officer of the CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by their attorneys, complaining of the Defendant, ELMAR HOTEL MANAGEMENT, LLC, a Michigan limited liability company, d/b/a INN OF CHICAGO MANIFICANT MILE, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiff, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, is an "employee pension benefit plan" and "plan" within the meaning of ERISA, Plaintiff SHELTON being a now-acting fiduciary thereof.

3. Upon information and belief and by a course of conduct, Defendant is a party to a collective bargaining agreement with Local 399 of the International Union of Operating Engineers, AFL-CIO. Defendant is located in and does business within this district.

4. Defendant is obligated to make fringe benefit contributions to Plaintiff under the terms of the collective bargaining agreement to which Defendant is a party with Local 399 of the International Union of Operating Engineers, AFL-CIO. Defendant is obligated to make fringe benefit contributions to Plaintiff under the terms of the trust agreement that is incorporated by reference in the aforesaid collective bargaining agreement and establish and govern the Plaintiff Fund.

5. Defendant is an "Employer" within the meaning of ERISA and is obligated to make fringe benefit contributions to Plaintiff pursuant to ERISA, 29 U.S.C. §1145.

6. As an Employer obligated to make fringe benefit contributions to Plaintiff Central Pension Fund under the collective bargaining agreement and trust agreement, Defendant is specifically required to do the following:

(a) To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or, if no such persons are employed, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 15th day of the succeeding month, plus interest on the late payments of 1 1/2% per month simple interest to compensate for the loss of use of the money;

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

7. Defendant is delinquent and has breached its obligations to Plaintiff Central Pension Fund and its obligations under the Plan in the following respect:

Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is, therefore, subject to liquidated damages, as authorized by the Trust Agreements. Plaintiffs have assessed liquidated damages against the Defendant, as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages.

8. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

9. Plaintiffs have requested that Defendant perform its obligations, but Defendant has failed and refused to so perform.

10. Defendant's continuing refusal and failure to perform its obligations to Plaintiff sis causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That an account be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to Plaintiff Central Pension Fund, covering the period for which the collective bargaining agreement is to be effective;

B. That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiff Central Pension Fund stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

C. That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, interest, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Plan and in ERISA;

D. That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular, to continue submitting the required reports and contributions due thereon to Plaintiff Central Pension Fund in a timely fashion as required by the plans and by ERISA;

E. That Plaintiff has such further relief as may be deemed just and equitable by the Court,

all at Defendant's cost.

/s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL  60606-5250
Bar No.:  6210637
Telephone:  (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

i:\cpfj\elmar hotel management - 2026 lawsuit\complaint.lmf.df.docx